O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4596-AHM (PJWx) | Date | April 14, 2010 |
|---|---|---|---|

| Title | MYLU GOROSPE LLADO v. NEW CENTURY MORTGAGE CORPORATION, et al. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On June 25, 2009, Plaintiff Mylu Gorospe Llado filed this suit against Defendants New Century Mortgage Corporation, Countrywide Home Loans, Inc., Bank of America Corporation, and Household Finance Corporation of California ("Household") alleging violations of federal and state law concerning a mortgage transaction. Household was the only one of the four defendants to answer the complaint. On February 4, 2010, the Court dismissed the other three defendants pursuant to an order to show cause for failure to prosecute because they had not been timely served. Now, Household has filed a motion to dismiss for lack of prosecution, arguing that Plaintiff has not pursued his case against Household with reasonable diligence. Plaintiff has filed no opposition. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, the motion to dismiss appears on its face to be meritorious. Accordingly, the Court GRANTS Defendant's motion to dismiss.[1]

Household offers evidence that Plaintiff has failed to respond to Defendant's attempts to contact him for months. Counsel for Household first attempted to contact Plaintiff's counsel on September 8, 2009. Pinzon Decl. ¶ 2. Household's counsel spoke with Batkhand Zoljaral, one of two attorneys-of-record for Plaintiff at that time. *Id.* Mr. Zoljaral indicated he needed to refamiliarize himself with the file and promised to call back. *Id.* He did not return the phone call, so Household's counsel called back on September 11, 2009. *Id.* At that time, Mr. Zoljaral indicated that he would be substituting out of the case and was not authorized to speak about it, but would inform

---

[1]Docket No. 18.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4596-AHM (PJWx) | Date | April 14, 2010 |
|---|---|---|---|
| Title | MYLU GOROSPE LLADO v. NEW CENTURY MORTGAGE CORPORATION, et al. | | |

Household once new counsel was in place. *Id.* On September 25, 2009, Jonathan Sarte, Plaintiff's other counsel of record, notified the defendants that he had moved offices. *Id.* ¶ 3, Ex. 1.

On October 20, 2009, Household's counsel attempted to contact Mr. Sarte to meet and confer regarding the parties' mandatory joint Rule 26(f) report for the upcoming scheduling conference on October 26, 2009. *Id.* ¶ 4. Household's counsel was informed that Mr. Sarte was in with another client, and was later told that Mr. Sarte was out of the office. *Id.* Household's counsel called again the next day and sent an email indicating that the parties needed to meet and confer promptly. *Id.* ¶ 4, Ex. 2. Mr. Sarte never returned the phone calls and email, and so Household submitted a unilateral Rule 26(f) report. *Id.* ¶ 5, Docket No. 9.

The Court held a scheduling conference on October 26, 2009. Counsel for Household attended, but no counsel for Plaintiff attended. Scheduling Conference Minutes, Docket No. 11. As a result, the Court issued and order to show cause ("OSC") why Mr. Sarte and Mr. Zoljaragal—both of whom were still counsel of record at the time—should not be sanctioned for their failure to appear. *Id.* Mr. Zoljaragal responded to the OSC and officially substituted out of the case, but the Court still sanctioned him in the amount of $200. Docket Nos. 12-14. Mr. Sarte never responded to the OSC, and the Court sanctioned him in the amount of $200, as well. Docket No. 15.

On December 17, 2009, counsel for Household sent a letter to Mr. Sarte, reviewing the history of the case and noting Mr. Sarte's failure to actively prosecute the case. Pinzon Decl. ¶ 6, Ex. 3. Household's counsel sent the letter to Mr. Sarte via U.S. mail and via email to every email address he could find for opposing counsel. *Id.* ¶ 6, Ex. 4. The letter concluded, "If I have not heard from you by January 8, 2010, I will move to dismiss this case for failure to prosecute." *Id.*, Ex. 3. Neither Mr. Sarte nor anyone representing Plaintiff ever responded to this letter. *Id.* ¶ 7.

As noted above, the Court dismissed the other three unserved defendants for Plaintiff's failure to prosecute on February 4, 2010, pursuant to an order to show cause issued on January 13, 2010. Docket Nos. 16, 17.

The non-expert discovery cutoff in this case was March 15, 2010, and as of March

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4596-AHM (PJWx) | | Date | April 14, 2010 |
|---|---|---|---|---|
| Title | MYLU GOROSPE LLADO v. NEW CENTURY MORTGAGE CORPORATION, et al. | | | |

17, 2010, when counsel for Household filed his declaration to support this motion, he had still been unable to contact Plaintiff's counsel. *See* Pinzon Decl. ¶ 7; Docket No. 10.

Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." As the Ninth Circuit has stated,

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The Court has considered these five factors. Factors one, two, and three weigh in favor of granting the motion. *See Pagtalunan*, 291 F.3d at 642. Here, factor three weighs heavily toward dismissal, as Plaintiff has completely failed to participate in discovery and the non-expert discovery deadline has already passed.

As to factor four, the Court could ignore Plaintiff's utter failure to participate in the proceedings and instead allow the case to proceed to summary judgment or trial, but this approach would prejudice Household and would be an unnecessary drain on judicial resources.

Factor five weighs against granting the motion.

/ / /

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4596-AHM (PJWx) | Date | April 14, 2010 |
|---|---|---|---|
| Title | MYLU GOROSPE LLADO v. NEW CENTURY MORTGAGE CORPORATION, et al. | | |

After balancing the factors—and considering that Plaintiff has failed to oppose this motion—the Court GRANTS Defendant's motion to dismiss.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer                    SMO

**JS-6**